THORNAL, Justice.
Petitioner Finkley, an employee, seeks review of an order of the Florida Industrial Commission affirming an order of a deputy commissioner which fixed the extent of petitioner’s permanent partial disability.
We must determine whether the full commission departed from the essential requirements of the law by virtue of the matters hereafter set out.
As a result of an industrial accident a deputy commissioner determined that petitioner Finkley had suffered a 75% permanent partial disability of the body as a whole. Finkley sought review by the full commission. He claimed 100% disability. According to a letter inserted in the record here, while the matter was pending before the full commission, the Chairman stated that “as soon as' the commission has had an opportunity to study a rehabilitation report * * * they will enter an order with regard to the disability rating of the claimant.” The “rehabilitation report” apparently had reference to a report to be obtained as a result of a rehabilitation investigation conducted pursuant to Section 440.49, Florida Statutes, F.S.A. Subsequently, the full commission entered an order affirming the findings of the deputy. *11 The order contained the following recital “having considered the cause upon the record, briefs and oral arguments of counsel for parties * * *" It is this order which petitioner asks us to quash.
Petitioner contends that the full commission violated Section 440.25(4) (d) by allegedly considering the rehabilitation report before entering its order affirming the deputy. He does not contend that the conclusions of the full commission were erroneous.
Respondents contend that the record does not support the conclusion that the Commission actually considered the separate report but even if it does, any error was harmless for the reason that the entire record supports both the deputy and the full commission.
Section 440.25(4) (d), Florida Statutes, F.S.A., does provide that in reviewing an order of the deputy “the commission shall consider the matter upon the record as certified by the deputy commissioner * * ” Petitioner here asserts that when the Commission takes into consideration records or other evidence which have not been subjected to the test of oath and cross examination the petitioner is deprived of a substantial procedural right.
We have the view that in reviewing a workmen’s compensation order, the full commission should restrict its consideration of the matter to the record as certified to it by the deputy commissioner. This is clearly announced by the statute above cited and is dictated by the requirements of orderly procedure. Any other rule would enable the reviewing authority to obtain information or evidence dehors the record and would certainly deprive a party to the matter from having the privilege of viewing the witnesses and cross-examining them under oath. This privilege is really an aspect of due process.
We are inclined to agree with the Court of Appeal, Third District, which has announced the rule that rehabilitation proceedings under former Section 440.49, Florida Statutes, F.S.A., should follow rather than precede the adjudication of disability. Stewart v. Board of Public Instruction, Dade County, Fla.App., 102 So.2d 821; Vaughn v. International Co., Fla. App., 102 So.2d 825. Certainly even under Section 440.49, as amended by Chapter 59— 101, Laws of Florida, 1959, if the aspect of possible rehabilitation is to be taken into consideration in fixing the degree or extent of disability it should be submitted before the deputy while the original record is being made,- rather than as an incident to review by the full commission after the trial record has been made and a compensation order founded thereon.
We have emphasized the foregoing as a guide for the future. Our examination of the record in the instant case actually fails to reveal conclusively that the full commission did consider the rehabilitation report in the course of its review of the trial record. The order of the full commission certainly does not reflect any consideration of this report. We must presume that the order reflects the actual matters considered by the Commission.
Furthermore, our review of the entire record also leads us to the conclusion that if the full commission committed an error, it was harmless. This is so for the simple reason that the testimony adequately supported the findings of the deputy and in view of the rule announced in United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741, the full commission could have arrived at no correct conclusion other than to affirm the deputy.
Finding no basis for quashing the order under assault the petition for certiorari is hereby dismissed.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and O’CONNELL, JJ., concur.