ERVIN, Chief Justice.
We have for review by way of writ of certiorari an order of the Florida Industrial Commission dated May 29,1968.
Petitioner (employee,/claimant) was injured on September 17, 1966 by accident arising out of and in the course of his em *756 ployment when he fell from a ladder approximately six feet to the ground, landing on his back, shoulder and head. Respondent (employer/carrier) voluntarily commenced payment of compensation benefits. On September 22, 1966 claimant filed a claim seeking permanent partial disability benefits.
Hearings were held before the Judge of Industrial Claims on April 26, 1967 and May 9, 1967. At the first hearing the claimant and a Dr. Joel Dennis, an orthopedic surgeon, testified. Dr. Dennis stated there was a causal relationship between the incidents of claimant’s accident and his diagnosis of claimant’s condition on March 28, 1967 as a “chronic sprain cervical spine,” and “contusion dorsal spine.” The medical report of Dr. Dennis was admitted into evidence; in it he stated: “I feel that because of persistence of restriction of motion of the cervical spine associated with tenderness in the upper back and neck that an impairment of the body as a whole amounting from 5 to 7^ per cent is present.” In his testimony at the hearing, Dr. Dennis reaffirmed his conclusion that claimant had sustained a permanent impairment of the body as a whole amounting to five to seven and a half per cent. Dr. Dennis further testified that he offered no recommendation concerning headaches complained of by claimant. At the conclusion of the second hearing, during which additional testimony was taken only from the claimant, the parties were given twenty days within which to submit additional medical depositions. The deposition of Dr. Michael Gilbert taken on behalf of claimant was among the depositions submitted after the May 9th hearing. In his deposition Dr. Gilbert stated that claimant had about 10 per cent permanent physical impairment due to cervical neuralgia resulting from the neck sprain. Dr. Gilbert’s deposition was stamped as admitted into evidence on August 8, 1967 and contained a stamped notation that it was received on June 1, 1967. Depositions submitted by the employer/carrier were similarly marked as admitted into evidence on August 8, 1967, and also contained stamped notations revealing they were received after the deposition of Dr. Gilbert.
On August 9, 1967 the Judge of Industrial Claims entered an order awarding payment of compensation for 17(4 per cent permanent partial disability based on physical impairment rather than diminution of earning capacity, the latter being found not to be affected by claimant’s injuries. The Judge specifically found claimant suffered 7j(4 per cent permanent partial disability of the body as a whole for orthopedic injuries, plus 10 per cent disability of the body as a whole for neurological injuries, and ordered payment of the medical bill of Dr. Gilbert and the cost of his deposition, plus a witness fee of $50.
On appeal the full Commission entered an order reversing the order of the Judge of Industrial Claims on the basis there is no competent substantial evidence which accords with logic and reason within the transcript of the proceedings on appeal to justify a physical impairment finding greater than 7(4 per cent of the body as a whole. The Commission reached this conclusion because it adopted the view that the only medical evidence in the transcript as certified on appeal is the testimony of Dr. Dennis, which indicates claimant sustained a permanent impairment amounting to only 7(4 per cent of the body as a whole. In its order the Commission states:
“ * * * We are aware that a deposition of Dr. Gilbert was taken on May 19, 1967, and stamped as admitted into evidence as of August 8, 1967, but it is merely attached to the transcript and not certified as being part of the official proceedings before the judge * * * ”
% Jjc ‡ >}?
“Accordingly, we must reverse the Order of the Judge and remand the cause for further findings of fact, if any, to support a physical impairment rating in excess of 7(4 per cent permanent partial disability of the body as a whole.”
*757 The sole question for our determination is whether under the circumstances presented the full Commission erred in refusing to consider the deposition of Dr. Gilbert as part of the transcript certified to it on appeal.
While the Commission is quite correct in concluding that Section 440.25(4) (d), Florida Statutes, F.S.A. operates to restrict the Commission’s consideration of a case to the record as certified by the Judge of Industrial Claims, we think the Commission erred in further concluding that the deposition of Dr. Gilbert in the present case was not part of the transcript of proceedings as certified by the Judge.
The record before us indicates that two transcript certificates were formally entered into the record by Judge Nedelman, as the Judge of Industrial Claims hearing the instant case. The first certificate of Judge Nedelman (then Deputy Commissioner) is dated October 20, 1967, and appears on page 64 of the transcript. This certificate recites:
“I HEREBY CERTIFY that the foregoing transcript, pgs 1 to and including 63, is a true and correct transcription of the testimony taken and proceedings had before me, as Deputy Commissioner, in the foregoing claim on the 20th day of April and the 9th day of May, 1967.”
It is obvious upon inspection that the transcript of proceedings certified to by Judge Nedelman in the foregoing certificate does not incorporate the deposition of Dr. Gilbert. The second certificate entered by Judge Nedelman appears on page 64-B of the transcript and recites:
“I HEREBY CERTIFY that the foregoing enlarged transcript, page 1 to and including 64, is a true and correct transcription of the testimony taken and proceedings had before me, as Judge of Industrial Claims, in the foregoing claim on the 26th day of April and the 9th day of May, 1967.” (Emphasis supplied.)
Preceding the Judge’s certificate, page 64-B also contains a certificate of the court reporter which recites as follows:
“I, RHONDA SHANKMAN, HEREBY CERTIFY that the foregoing transcript in the case of HOMER CRAWFORD, Claimant vs. FARM STORES PROCESSING, INC., Employer and AMERICAN CASUALTY COMPANY, Carrier, was returned to the undersigned for the purpose of enlarging the same by the inclusion therein of the depositions of Dr. Jordan Davis, Dr. Bret Lusskin, Dr. Michael Gilbert and Homer Crawford; that the aforementioned depositions have been incorporated into the aforesaid transcript; and that the transcript so enlarged constitutes the entire transcript of record in this cause.” (Emphasis supplied.)
Despite Judge Nedelman’s reference in his second certificate to the transcript of proceedings as embracing pages 1 to and including 64, it seems clear that this certificate when considered in the context in which it was entered, had the intended purpose and effect of incorporating into the original transcript deposition testimony, including the deposition of Dr. Gilbert, which was admitted into evidence subsequent to the May 9 hearing. The certificate of the court reporter set out above reveals that the original transcript was returned for the sole purpose of enlarging the same by the inclusion of such deposition testimony. Judge Nedelman’s second certificate was obviously entered subsequent to the return of the original transcript and the reference in this certificate to the “enlarged transcript” is meaningless unless it is construed to incorporate the enlargement process revealed by the court reporter’s certificate as necessitating the return of the original transcript.
The purpose of F.S. Section 440.-25(4) (d), F.S.A., in restricting the Commission’s review of a matter before it to the record as certified by the Judge of Industrial Claims is to prevent the reviewing *758 authority from obtaining information or evidence dehors the record. See Finkley v. John Raffa Lathing (Fla.1960), 120 So.2d 9. But in the present case the Commission’s refusal to consider the deposition of Dr. Gilbert as a part of the certified record was not technically required by Section 440.25(4) (d), since it is abundantly clear from the stamped notation on the face of Dr. Gilbert’s deposition, as well as from the contents of Judge Nedelman’s order, that this deposition was admitted into evidence and considered by the Judge in rendering the compensation order.
The record also reflects that on January 10, 1968 Judge Nedelman sent the Director of the Workmen’s Compensation Division in Tallahassee the file in the case, stating in his letter of transmittal, which he failed to sign, that it contained the original and one copy of the corrected transcript of testimony. This file contained Dr. Gilbert’s deposition.
The foregoing considered, we think the Commission was unduly technical when it refused to consider the deposition of Dr. Gilbert for it is obvious this deposition was duly made a part of the record. But if there had been any doubt about it in the mind of the Commission, there was sufficient basis in the file of the case for it to have ascertained from Judge Nedelman whether the deposition was certified by him as a part of the record before it reversed. In reaching this conclusion, we believe the mere form and numbering reference used in appending deposition testimony to the transcript of proceedings should not blind us in ascertaining whether such additional testimony was in fact incorporated into and sufficiently certified as part of the transcript of record on appeal to the Commission.
The record before us received from the Commission reflects Dr. Gilbert’s deposition was duly received, admitted in evidence and considered by the Judge of Industrial Claims; was by him made a part of the certified record on appeal and was properly before the Commission when it reversed the order made by Judge Nedel-man.
The Commission’s conclusion that there was no competent substantial evidence to warrant a finding of physical disability greater than per cent cannot be sustained as complying with the essential requirements of law in light of its failure to consider the impact of Dr. Gilbert’s deposition.
Accordingly, the reversal order of the Commission is quashed and the order of the Judge of Industrial Claims is reinstated.
It is so ordered.
DREW, THORNAL and CALDWELL (Retired) JJ., and TAYLOR, Circuit Judge, concur.